943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny D. WINTERS, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 91-3226.
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1991.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Johnny D. Winters, an Ohio state prisoner, appeals from the district court's October 16, 1990, judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App. 34(a).
 
 
 3
 Winters was tried by a jury and convicted of one count of aggravated murder and four counts of aggravated robbery. He was sentenced to life imprisonment. The case was submitted to a magistrate who recommended that the petition for habeas relief be denied. The district court reviewed the case in light of Winters' objections to the magistrate's report and recommendation and denied the petition for habeas relief. On appeal, Winters asserts that he was denied effective assistance of counsel in violation of the sixth amendment to the U.S. Constitution.
 
 
 4
 We hold that the district court did not err. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). The performance and prejudice components of the Strickland test are mixed questions of law and fact, and thus freely reviewable. In addition, in a conflict of interest context, the Strickland test is modified to require a showing of specific instances to suggest an actual and significant conflict or impairment of interests; from this, prejudice will be presumed if counsel actively represented the conflicting interests which somehow adversely affected the attorney's performance. Strickland, 466 U.S. at 692. The "conflict" issue arises as a result of Winters' argument that his attorney's role as an advocate and his attorney's role as a defense witness were so inconsistent with one another that it created a "conflict of interest."
 
 
 5
 Winters' attorney did not suffer from a conflict of interest. The attorney properly, albeit belatedly, withdrew as counsel prior to testifying. Furthermore, Winters was not prejudiced by his attorney's decision to testify and was not, therefore, deprived of his right to effective assistance of counsel. The attorney was the last witness to testify and co-counsel for defense ably conducted direct examination and closing argument. Lead counsel's decision to testify may have been unwise but the reliability of Winters' conviction was not adversely affected.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the court's October 16, 1990, order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation